BOOTH, Judge,
specially concurring.
I concur in the result of the majority opinion, but on the grounds that the nature of the disciplinary appeal proceedings and protection of employee rights, preclude representation by non-lawyers. Further, I would hold that Florida Statute § 447.609 was not intended to authorize a union representative who is not an attorney to act as “lawyer” for an employee in a disciplinary proceeding. Disciplinary proceedings are authorized by Part II of Chapter 447, Florida Statutes, and the form and nature of such proceedings are subject to approval by PERC under § 447.603. The constitutionality of § 447.609, which applies to all proceedings under Part II of Chapter 447 and, of necessity, the interpretation of that statute to avoid possible constitutional infirmities, is the issue. I would address that issue and hold that the statute itself does not require an interpretation which might render it unconstitutional since it does not purport to authorize non-lawyers to furnish legal representation to employees.
The intent of Florida Statute § 447.609 is to allow non-lawyers to function in a representative capacity on-behalf of the union or members of the collective bargaining unit where the nature of the representation does not constitute the practice of law. An additional purpose of § 447.609 is to require that individuals who act as spokesmen in a representative capacity be fulltime employees or officers of either the public employee or the employee organization.
For these reasons, I concur in the result of the majority and would reverse and set aside the declaratory statement.